IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00114-WJM-MEH

SCOTT BAKER,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

    Defendant.

## ORDER ON MOTION TO AMEND COMPLAINT

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion to File the First Amended Complaint and Jury Demand [filed August 4, 2014; docket #25]. The motion has been referred to this Court for disposition. The matter is sufficiently briefed, and the Court finds that oral argument would not materially assist the Court in adjudicating the motion. For the following reasons, the motion is **granted**.

**I.**  **Background**

    Plaintiff originated this action on January 15, 2014 alleging essentially that Defendant violated the Fair Debt Collection Practices Act (FDCPA) by making false statements to the Plaintiff during a telephone call regarding the collection of a debt. *See* Complaint, ¶¶ 31, 32, docket #1 at 3-4. Defendant filed an Answer to the Complaint on February 26, 2014 (docket #9), and this Court issued a Scheduling Order on April 16, 2014 setting a deadline for amendment of pleadings as May 30, 2014 (docket #15).

    Plaintiff filed the present motion to amend seeking to add and clarify certain facts supporting his FDCPA claim, based upon information he learned during the discovery process. Motion, docket #25 at 2-3. Defendant counters that Plaintiff's proposed amendments are futile, because "(1) [t]he

[challenged] remittance specifically identifies Plaintiff's spouse, not Plaintiff; (2) the remittance is not false or inaccurate as it reflects the payment received; (3) the remittance does not reflect any credit information of Plaintiff; and (4) the remittance was not sent in connection with the collection of the debt." Response, docket #27 at 8.

## II.     Analysis

Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 instructs courts to "freely give leave when justice so requires." *Id.* Nevertheless, denying leave to amend is proper if the proposed amendments are unduly delayed, unduly prejudicial, futile, or sought in bad faith. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In the Tenth Circuit, untimeliness alone may be a sufficient basis for denying a party leave to amend. *See Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005); *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (quoting *State Distribs., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984)).

Here, Defendant does not challenge the timeliness of Plaintiff's proposed amendments, and

the Court finds that, although the deadline for amendment has passed, good cause exists to extend the deadline for amendments. *See Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001) ("[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline").

Moreover, the Court finds that Plaintiff's amendments are not unduly prejudicial. Courts typically find prejudice only when the amendment unfairly affects the defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). Here, the Defendant claims no prejudice resulting from the requested amendments and the Court perceives none, particularly where, as here, discovery is ongoing and trial has not been scheduled in this case.

With respect to Defendant's futility argument, Defendant raises what appear to be factual disputes concerning Plaintiff's amendments. For example, Defendant contends that "Plaintiff's allegations are factually inaccurate and fail to state a claim," and proceeds to argue, *inter alia*, that the information contained in a remittance does not identify the Plaintiff, that Defendant owes no duty to report a credit dispute to Environs Apartments, that Defendant did not report any credit information, and that the remittance was not made in connection with an attempt to collect a debt. Motion, docket #27 at 3-7.

Although the Court is aware of case law applying a Fed. R. Civ. P. 12(b) standard to a futility challenge of proposed amendments under Rule 15(a), it appears that Defendant's arguments raise factual disputes, which are not properly adjudicated in a Rule 12(b) motion. In addition, in exercising its discretion, the Court here must consider the efficiency of proceeding in this matter, particularly in light of the approaching discovery cutoff. *See Fluker v. Fed. Bureau of Prisons*, No.

07-cv-02426-CMA-CBS, 2009 WL 1065986, at *5 (D. Colo. Apr. 21, 2009) (unpublished).

Thus, the Court finds that Defendant's futility argument is more properly raised and adjudicated in a dispositive motion, rather than indirectly through opposition of a Rule 15(a) motion. *Id.* Considering that the denial of a motion to amend is a dispositive issue that may be only recommended by this Court, proceeding under Rule 12 or Rule 56 may, at least, avoid one round of objections under Fed. R. Civ. P. 72(a) or 72(b). Therefore, the Defendant will be better served by filing a Rule 12(b) motion in response to the amended complaint or a Rule 56 motion at the close of discovery, if it so desires. *See General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (unpublished).

Proposed amendments that seek to clarify or explain facts asserted in an original complaint, or to add additional factual allegations concerning a claim's required elements, are proper. The Court perceives no bad faith on the part of the Plaintiff in seeking to clarify and/or add facts not known when the original complaint was filed. However, the Court reminds the Plaintiff of the Tenth Circuit's admonition against allowing pleadings to become "moving targets." *See Minter*, 451 F.3d at 1206 ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'") (quoting *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)). The Court will be mindful of such admonition when reviewing any further amendments.

### III.    Conclusion

Rule 15(a) requires that courts "freely give leave when justice so requires." The Supreme Court has stated, "[i]f the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim in the merits." *Foman*, 371 U.S. at 182. Here, the Court finds that Plaintiff's amendments are timely, will not

4

prejudice the Defendant and are not made in bad faith. Moreover, under the circumstances presented here, Defendant's futility argument, raising in substantial part a number of factual disputes, is more properly heard in the context of a dispositive motion.

Accordingly, in the interests of justice and efficiency, the Court **grants** Plaintiff's Motion to File First Amended Complaint and Jury Demand [filed August 4, 2014; docket #25]. The Clerk of the Court shall file the First Amended Complaint, located at docket #25-4. Defendant shall respond to the First Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.

Dated at Denver, Colorado, this 2nd day of September, 2014.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge