### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-00114-WJM-MEH

SCOTT BAKER,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

    Defendant.

---

### FIRST AMENDED COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff Scott Baker is a natural person.

8. The Plaintiff resides in the City of Thornton, County of Adams, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11. Defendant I.Q. Data International, Inc. is a Washington corporation operating from an address at 1010 SE Everett Mall Way, Suite 100, Everett, Washington, 98208.

12. The Defendant's registered agent in the state of Colorado is Plotkin & Plotkin, P.C., 621 Seventeenth Street, Suite 1800, Denver, Colorado, 80293.

13. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. The Defendant is licensed as a collection agency by the state of Colorado.

15. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect debts alleged to be due another.

17. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

18. Sometime before 2013 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account owed to Environs Apartments (hereinafter the "Account").

19. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with the original creditor.

21. After the Account went into default with it was placed or otherwise transferred to the Defendant for collection, Defendant's reference number # 5749167.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Plaintiff and the Defendant had telephone conversation(s) regarding the Account.

27. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

28. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. The Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff in connection with the collection of the Account.

31. During the telephone conversation(s) in the year prior to the filing of the instant action between the Plaintiff and the Defendant regarding the Account the Defendant and / or representative(s), employee(s) and / or agent(s) of the

3

Defendant while attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

32. The Defendant's representations stated in paragraph 31 were false and were false representations in connection with the collection of a debt, the Account.

33. The Plaintiff and the Defendant had a telephone conversation regarding the Account on January 16, 2013.

34. During the telephone conversation on January 16, 2013 between the Defendant and the Plaintiff regarding the Account the Defendant via its employee stated the name of the original creditor on the Account and the balance due on the Account.

35. During the telephone conversation on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account.

36. During the telephone conversation(s) on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff disputed the Account with the Defendant.

37. During the telephone conversation(s) on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff notified the Defendant that the Account is disputed.

38. During the telephone conversation(s) on January 16, 2013 between the Plaintiff and the Defendant regarding the Account the Plaintiff informed the Defendant that the Account is disputed.

39. After January 16, 2013 the Defendant was informed that the Account was disputed.

40. After January 16, 2013 the Defendant was aware that the Account was disputed.

41. After January 16, 2013 the Defendant communicated information regarding the Account to Environs Apartments.

42. After January 16, 2013 the Defendant communicated information regarding the Account, including the balance due on the Account, to Environs Apartments.

43. After January 16, 2013 when the Defendant communicated information regarding the Account to Environs Apartments the Defendant did not communicate to Environs Apartments that the Account was disputed.

44. The information regarding the Account communicated to Environs Apartments by the Defendant after January 16, 2013 conveyed information directly or indirectly to Environs Apartments.

45. The information regarding the Account communicated by the Defendant to Environs Apartments after January 16, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

46. The Defendant communicated the information regarding the Account after January 16, 2013 to Environs Apartments in connection with the collection of the Account.

47. On or about February 28, 2013 the Defendant sent a letter and/or written communication dated February 28, 2013 to Environs Apartments regarding the Account.

48. A copy of the letter and/or written communication sent by the Defendant on or about February 28, 2013 to Environs Apartments regarding the Account dated February 28, 2013 is attached as **Exhibit 1** (hereinafter referred to as "Letter").

49. The Letter states in part: "I.Q. DATA INTERNATIONAL, INC.".

50. The Letter states in part: "Invoice # 328516".

51. The Letter states in part: "02/28/13".

52. The Letter states in part: "ENVIRONS APARTMENTS (CO)".

53. The Letter states in part: "RAI – 345672*000081426".

54. RAI-345672*000081426 is Environs Apartments reference number and/or file number for the Account.

55. RAI-345672*000081426 is listed next to Rf # on page bate stamped IQD000001 disclosed by the Defendant as part of its account notes regarding the Account. A redacted copy of the page bate stamped IQD000001 is attached as **Exhibit 2**.

56. The Letter states in part: "Remain Princ".

57. The Letter states in part: "1524.35".

58. The Letter states in part: "Previous Balance Forward".

59. The Letter states in part: "1022.26".

60. The Letter states in part: "Pd Us".

61. The Letter states in part: "20.00".

62. The Letter states in part: "Our Comm".

63. The Letter states in part: "8.00".

64. The Letter states in part: "Net Amt Due".

65. The Letter states in part: "12.00 -".

66. The Letter states in part: "COLLECTIONS".

67. The Letter states in part: "Gross Collections This Cycle…….$20.00".

68. The Letter states in part: "Balance Due…………………$1,010.26".

69. The Letter states in part: "Pd Us".

70. The Letter states in part: "Please Remit Your Payment…….$1,010.26".

71. The Letter states in part: "01/23".

72. The Letter states in part: "BAKER, CYNTHIA".

73. Cynthia Baker is the Plaintiff's Wife.

74. Cynthia Baker is listed next to Nm1 on **Exhibit 2**.

75. The Plaintiff's name is listed next to Nm2 on **Exhibit 2**.

76. On or about February 28, 2013 the Defendant via the Letter communicated information regarding the Account to Environs Apartments.

77. On or about February 28, 2013 the Defendant via the Letter communicated information regarding the Account, including the balance due on the Account, to Environs Apartments.

78. On or about February 28, 2013 when the Defendant via the Letter communicated information regarding the Account to Environs Apartments the Defendant did not communicate to Environs Apartments that the Account was disputed.

79. The information regarding the Account communicated to Environs Apartments by the Defendant via the Letter on or about February 28, 2013 conveyed information directly or indirectly to Environs Apartments.

80. The information regarding the Account communicated by the Defendant via the Letter to Environs Apartments on or about February 28, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

81. The Defendant communicated the information regarding the Account via the Letter on or about February 28, 2013 to Environs Apartments in connection with the collection of the Account.

82. On February 28, 2013 the Defendant sent a letter and/or written communication dated February 28, 2013 to Environs Apartments regarding the Account.

83. On February 28, 2013 the Defendant via the Letter communicated information regarding the Account to Environs Apartments.

84. On February 28, 2013 the Defendant via the Letter communicated information regarding the Account, including the balance due on the Account, to Environs Apartments.

85. On February 28, 2013 when the Defendant via the Letter communicated information regarding the Account to Environs Apartments the Defendant did not communicate to Environs Apartments that the Account was disputed.

86. The information regarding the Account communicated to Environs Apartments by the Defendant via the Letter on February 28, 2013 conveyed information directly or indirectly to Environs Apartments.

87. The information regarding the Account communicated by the Defendant via the Letter to Environs Apartments on February 28, 2013 constituted a "communication" as defined by FDCPA § 1692a(2).

88. The Defendant communicated the information regarding the Account via the Letter on February 28, 2013 to Environs Apartments in connection with the collection of the Account.

89. The Defendant kept a copy of the Letter that it sent to Environs Apartments regarding the Account.

90. The Letter is a business record of the Defendant.

91. Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in 2013.

92. Upon information and belief the Defendant made an audio recording(s) of its telephone conversation(s) with the Plaintiff regarding the Account on January 16, 2013.

93. Upon information and belief the Defendant has a copy and/or copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff on January 16, 2013.

94. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013.

95. Upon information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013.

96. Upon information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013.

97. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in 2013.

98. Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in 2013.

99. Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant made an inquiry and/or investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

100. Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

101. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in 2013 substantiate the Plaintiff's allegations in this action.

102. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and/or action(s) constitute false and/or misleading representation(s) and/or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

103. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

104. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

105. The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

106. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks statutory damages pursuant to FDCPA 1692k(a)(2)(A).

## RESPONDEAT SUPERIOR

107. The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

108. The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

109. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

110. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

111. The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

112. The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

113. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

114. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks statutory damages pursuant to FDCPA 1692k(a)(2)(A).

## COUNT I, FDCPA VIOLATION

115. The previous paragraphs are incorporated into this Count as if set forth in full.

116. The statement(s) and/or act(s) and/or omission(s) of the Defendant and its representative(s), employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A), e(8) and e(10).

117. Pursuant to FDCPA section 1692k the Plaintiff seeks statutory damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1. Judgment in favor of the Plaintiff and against the Defendant.

2. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

3. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson_____
David M. Larson, Esq.
88 Inverness Circle East, Suite E-102
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff