**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:14-cv-00114-WJM-MEH

SCOTT BAKER,

Plaintiff,

v.

I.Q. DATA INERNATIONAL, INC.,

Defendant.

---

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

COMES NOW Defendant I.Q. Data International, Inc., (hereinafter "Defendant"), by and through its undersigned counsel, and for its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), states the following:

**CERTIFICATE OF CONFERRAL PURSUANT TO D.C.COLO.LCiv.R 7.1**

The undersigned certifies that, pursuant to D.C.COLO.LCivR 7.1A, the undersigned conferred with Plaintiff's counsel on this Motion to Dismiss and Plaintiff opposes the relief requested herein.

**CERTIFICATE OF CONFERRAL PURSUANT TO JUDGE MARTINEZ'S PRACTICE STANDARDS SECTION III.D.1.**

The undersigned certifies that, pursuant to Section III.D.1 of Judge Martinez's Practice Standards, the undersigned conferred with Plaintiff's counsel in person on Friday, September 19, 2014. Counsel for the parties discussed Plaintiff's Amended Complaint and the new allegations contained therein. The undersigned discussed the fact that Defendant does not contend that Plaintiff's allegations do not fail to state a required element; rather, it is Defendant's position that Plaintiff's allegations fail as a matter of law. Counsel for the parties discussed the best method to address Defendant's argument that Plaintiff's new allegations should be dismissed including whether

a motion for judgment on the pleadings or a motion for summary judgment was more appropriate. Prior to Plaintiff filing the Amended Complaint, Defendant objected to Plaintiff's proposed Amended Complaint as futile arguing it would not survive a motion to dismiss. See Docket No. 27. As a matter of law, Plaintiff's new allegations do not state a claim upon which relief can be granted. As described below, Plaintiff's Amended Complaint contains additional Fair Debt Collection Practices Act ("FDCPA") allegations based upon a remittance sent from Defendant to the underlying creditor reflecting a payment made by Plaintiff. See Docket No. 29. The new allegations contained in Plaintiff's Amended Complaint cannot be rectified by further amendment. As Plaintiff attached the remittance in question to the Amended Complaint, this Court can review the new allegations and make a determination as a matter of law. Plaintiff opposes the relief requested herein.

## I.    BACKGROUND

Plaintiff filed his Complaint against Defendant on January 15, 2014, alleging multiple violations of the FDCPA. See, Docket No. 1. Defendant filed its Answer on February 26, 2014. See, Docket No. 9.

The parties participated in a Scheduling Conference on April 16, 2014. After the Scheduling Conference, Plaintiff served discovery requests upon Defendant. Defendant provided its discovery responses to Plaintiff on June 23, 2014. On July 10, 2014, Plaintiff served Defendant with a Notice of Deposition with 86 topics. The parties then participated in a discovery dispute hearing over the deposition topics, including whether Defendant was required to designate someone to testify regarding certain information pertaining to collectors and recordings of phone calls with Plaintiff's wife (who is not a party to this lawsuit). Defendant's deposition was ultimately taken on July 22, 2014. Based upon a remittance of a $20.00 payment relayed from Defendant to the underlying creditor, Plaintiff amended his Complaint to include additional violations; specifically, Plaintiff contends that Defendant was required to inform the

creditor in a remittance sent to the underlying creditor after a made payment, with only Plaintiff's wife's name on the remittance, that the account was "disputed," *despite the fact that the debt was already reported as disputed to the credit reporting agencies.* See, Plaintiff's First Amended Complaint ("Amended Complaint"), ¶¶33-90. Defendant objected to the amendment of the Complaint, however, Magistrate Judge Hegarty granted the amendment stating the argument appeared better suited for a dispositive or Rule 12(b) motion. See Docket No. 28, p. 4. For the reasons stated below, Defendant submits this Court should dismiss Plaintiff's additional claims.

## II.  LEGAL STANDARDS

In considering a Rule 12(b)(6) motion to dismiss, "[c]ourts must evaluate whether the complaint contains enough facts to state a claim to relief that is plausible on its face." See Casanova v. Ulibarri, 595 F.3d 1120, 1124 (10th Cir. 2010).

Plaintiff attached a copy of the remittance and Defendant's Account Notes to the Amended Complaint as exhibits. It is not necessary to convert this motion to a motion for summary judgment. Ordinarily, a "12(b)(6) motion must be converted to a motion for summary judgment if 'matters outside the pleading are presented to and not excluded by the court and all parties are given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'" GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997) (quoting Fed. R. Civ. P. 12(b) (further internal modifications omitted)). Notwithstanding that general rule, however, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007) (further quotation omitted).

A plaintiff is required to make factual allegations and cannot simply rely on conclusory recitations of law. See Kan. Penn Gaming, LLC v. Collins, 2011 U.S. App. LEXIS 18187 (10th Cir. Kan September 1, 2011). A plaintiff must make specific factual allegations to support each claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007). A complaint must have enough allegations, taken as true, to state a claim for relief that is plausible on its face. Id. at 570.

In deciding Rule 12(b)(6) motions to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles," Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Harris, 572 F.3d at 72 (quoting Ashcroft, 129 S. Ct. at 1949). Second, only complaints that state a "plausible claim for relief" can survive Rule 12(b)(6). Id. Determining whether a complaint does so is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

The FDCPA "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 130 S. Ct. 1605, 1608, 176 L. Ed. 2d 519 (2010). "The FDCPA is not intended to stifle all debt collection practices." Russell v. Absolute Collection Serv., Inc., 2010 U.S. Dist. LEXIS 114546, at *3 (M.D.N.C. Oct. 27, 2010). Rather, "[t]he FDCPA was enacted to protect debtors from *abusive* debt collection practices." Chiang v. Verizon New Eng. Inc., 595 F.3d 26, 41 (1st Cir. 2010) (citing 15 U.S.C. § 1692(e)) (additional citations omitted). "To that end, [the FDCPA] regulates debt collectors' tactics and, inter alia, creates a private cause of action for victims of 'oppressive or offensive collection agency behavior.'" Id. (citation omitted).

### III.         PLAINTIFF'S ADDITIONAL ALLEGATIONS FAIL TO STATE A CLAIM.

Plaintiff's Amended Complaint adds additional allegations centered on a remittance sent by Defendant to the underlying creditor related to a payment of $20.00. See Plaintiff's First Amended Complaint, ¶¶33-90 (Docket. No. 29). Plaintiff contends that the remittance should have stated that the debt was "disputed." Id. As explained below, Plaintiff's allegations are factually inaccurate and fail to state a claim under the FDCPA. The remittance sent to Environs Apartments documents a payment that Defendant received and nothing more. See Docket No. 30-1. As a matter of law, the remittance is not false, deceptive or misleading and not in connection with the collection of any debt.

15 U.S.C. § 1692e states: "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." This section of the FDCPA provides various non-exclusive examples of what amounts to a violation of this provision. See 15 U.S.C. § 1692e(1)-(16). Plaintiff alleges that Defendant violated § 1692e preface, e(2)(A), e(8) and e(10), which prohibits the following conduct:

> (2) The false representation of-
> (A) the character, amount, or legal status of any debt;....
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed....
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....

15 U.S.C. §§ 1692e(2)(A), e(8), and e(10).

### A.      Information Contained in Remittance Identifies Cynthia Baker

Plaintiff's entire theory with respect to the remittance attached to his First Amended Complaint is that Defendant was required to designate the debt as "disputed." See First Amended

5

Complaint, ¶¶33-90 (Docket. No. 29). However, a simple review of the remittance demonstrates that Cynthia Baker is the named individual, *not Plaintiff*. See Docket No. 30-1. Plaintiff acknowledges this fact in his First Amended Complaint. See Docket No. 29, ¶72. Plaintiff appears to argue that, because the remittance refers to the account number, and Plaintiff's name is associated with the account number, his name is inferred. However, looking specifically at the remittance, Plaintiff's name *does not* appear anywhere on the document. The remittance does not mention or even allude to Plaintiff. Therefore, Plaintiff has no standing to assert these allegations and the allegations pertaining to the remittance should be dismissed on that basis.

**B.     Defendant has no Duty to Report Plaintiff's Dispute to Environs Apartments**

Plaintiff is not alleging Defendant did not report the account to the credit bureaus as disputed. Plaintiff's theory of liability is based upon the belief Defendant is required to notify the underlying creditor in a remittance that Plaintiff disputed the account, despite the fact the account was marked as disputed and reported as disputed to the credit bureaus since 2012. See Defendant's Account Notes, attached hereto as **Exhibit A[1]**. Further, in sending the remittance to Environs Apartments documenting the payment made, Defendant was *not* furnishing original information about the debt at issue, and as such, Defendant was not required to inform the original creditor that the debt is disputed. See In re Benson, 445 B.R. 445, 449-450 (E.D. Pa. 2010); Wilhelm v. Credico, Inc._,_ 519 F.3d 416, 417-18 (8th Cir. 2008); Black v. Asset Acceptance, LLC, 2005 U.S. Dist. LEXIS 43264, *14-15 (N.D. Ga., December 9, 2005); Kinel v. Sherman Acquisition II, LP, 2006 WL 5157678 at *17 (S.D.N.Y. Feb. 28, 2006); and Hilburn v. Encore Receivable Mgmt., Inc., 2007 U.S. Dist. LEXIS 29833 at *4 (D. Or. 2007 April 19, 2007).

---

[1] Plaintiff only included page 1 of Defendant's Account Notes with her Amended Complaint. See Docket No. 30-2.

Plaintiff's contention that Defendant was required to notify Environs Apartments that Plaintiff disputed the Account has been expressly rejected by the Eighth Circuit in Wilhelm. "Both claims are premised on Wilhelm's assertion that § 1692e(8) imposed an affirmative duty on Credico and Pinnacle to disclose that he had disputed the debt. He cites no case supporting this contention, and we reject it." See Wilhelm, 519 F.3d at 418. In Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173, 1189 (10th Cir. Colo. 2013), the Court of Appeals for the Tenth Circuit agreed with the Eight Circuit's analysis in Wilhelm, stating, "We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify CRAs that a consumer disputes the debt *unless* the debt collector knows of the dispute and elects to report to a CRA. See Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173, 1189 (10th Cir. Colo. 2013)(emphasis in original); see also O'Fay v. Sessoms & Rogers, P.A., 2010 U.S. Dist. LEXIS 104307 (E.D.N.C. Feb. 9, 2010)("When [the debt collector] received notice in February 2008 that plaintiff disputed her debt, [the debt collector] had two choices: not communicate with credit reporting agencies about the debt or communicate with credit reporting agencies about the debt and report that O'Fay disputed the debt."); FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988) ("If a debt collector knows that a debt is disputed by the consumer, either from receipt of written notice . . . or other means, and reports it to a credit bureau, he must report it as disputed.").

Plaintiff has not alleged, and cannot allege, that Defendant has not properly marked Plaintiff's account as disputed on his credit bureau reports. As stated above, in every single report to the credit reporting agencies following Plaintiff's original "dispute" of the debt in 2012, Defendant designated the debt as "disputed" and reported the debt as "disputed." See **Exhibit A**. In spite of this undisputed fact, Plaintiff adds additional allegations in the First Amended

7

Complaint that Defendant was required to repeat the same fact of a "dispute" to the creditor in every single document exchanged between Defendant and the creditor. Plaintiff's theory of liability simply cannot survive a motion to dismiss absent a contention that the debt was improperly reported to the credit reporting agencies. As Plaintiff's First Amended Complaint does *not* allege that the debt was *ever* reported to the credit reporting agencies without being designated as "disputed," Plaintiff's additional FDCPA allegations (§1692e, e(2)(A), e(8) and e(10)) pertaining to the remittance must be dismissed.

C.  **Defendant did not Report any Credit Informaiton**

Defendant did not provide credit information of Plaintiff to Environs Apartments. As described above, the remittance contained Plaintiff's spouse's name not Plaintiff's name. Similarly, the information provided to Environs Apartments is not "credit information." 15 U.S.C. § 1692e "….merely requires a debt collector who knows or should know that a given debt is disputed to disclose its disputed status to persons inquiring about a consumer's credit history." See Brady v. Credit Recovery Co., Inc., 160 F.3d 64, 67 (1st Cir. 1998). Clearly, Environs Apartments is not a credit bureau or a location a person would go to inquire about Plaintiff's credit history. It is inconceivable to think the remittance provided to Environs Apartments can be considered to contain "credit information."

D.  **The Remittance was not Tendered in Connection with an Attempt to Collect the Debt**

The Sixth Circuit has held that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." See Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); See

also Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. Ill. 2010)(animating purpose of the communication must be to induce payment by the debtor).

The Sixth Circuit also identified a number of factors courts should consider in determining whether a communication is in connection with the collection of a debt. Those factors include whether the communication demands payment, the parties relationship and the purpose and context of the communication. See Grden v. Leikin Ingber & Winters PC, 643 F.2d 169, 173 (6th Cir. 2011). In this case, it is undisputed that the remittance was nothing more than a receipt provided by Defendant to its client. The remittance was not submitted to any third party, such as a credit reporting agency. The remittance is titled "Invoice #328516." See Doc. No. 30-1. There was no communication with Plaintiff. The remittance provided Environs Apartments with its percentage of the amount collected. The remittance was not sent to Plaintiff and provided information Environs Apartments would need to properly update its records as to the amount outstanding. See Gburek , 614 F.3d at 385 (letter that was "merely a description of the current status of the debtor's account" did not have the requisite connection).

## IV.     CONCLUSION

Plaintiff's First Amended Complaint added nearly sixty (60) new allegations. In addition to the nearly 60 original allegations related to the single phone call at issue in this case, Plaintiff's First Amended Complaint added additional theories of liability under 15 U.S.C. § 1692 *et. seq.*    The new allegations included precise words said during a telephone call demonstrating Plaintiff disputed the account and that a remittance sent by Defendant to its client did not notify the client the Account was disputed. See Docket No. 29. As explained throughout this document, Defendant was reporting Plaintiff's debt as disputed consistently since 2012, See **Exhibit A**, so the need for dispute language is irrelevant and only pertains to whether Defendant

was required to include Plaintiff's dispute in a remittance that included only Plaintiff's wife's name. Plaintiff's new allegations should be dismissed because: (1) The remittance specifically identifies Plaintiff's spouse, not Plaintiff; (2) the remittance is not false or inaccurate as it reflects the payment received; (3) the remittance does not reflect any credit information of Plaintiff; and (4) the remittance was not sent in connection with the collection of the debt.

Plaintiff is seeking to turn the FDCPA on its head and to expand § 1692e(8) to prohibit benign (and accurate) exchanges between a debt collector and its client. In this case, the remittance is simply not the type of conduct § 1692e(8) is clearly designed to regulate. Again, Plaintiff *does not* contend that *any* information was every improperly reported to the credit reporting agencies. In fact, Plaintiff's account has been marked as disputed with the credit bureaus since 2012. See **Exhibit A**. Accordingly, for all of the reasons set forth above, the allegations pertaining to the remittance in Plaintiff's First Amended Complaint must be dismissed.

WHEREFORE, Defendant prays that the FDCPA allegations pertaining to the remittance in Plaintiff's First Amended Complaint (15 U.S.C. § 1692e, e(2)(A), e(8) and e(10)) be dismissed, and for such further and other relief as the Court deems just and equitable.

Dated this 29th day of September, 2014.

Respectfully Submitted,

Adam L. Plotkin, P.C.

/s/ Joseph J. Lico
Joseph J. Lico, Esq.
621 Seventeenth Avenue, Suite 1800
Denver, Colorado 80293
Telephone: (303) 302-6864
FAX: (303) 302-6864
jlico@alp-pc.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2014, I electronically filed the foregoing **DEFENDANT'S MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to David Larson at larsonlawoffice@gmail.com, counsel for Plaintiff.

        s/ Joseph J. Lico
        Attorney for Defendant