## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 14-cv-00114-WJM-MEH

SCOTT BAKER,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

    Defendant.

---

PLAINTIFF'S RESPONSE TO DEFENDANT'S UNOPPOSED MOTION TO AMEND THE SCHEDULING ORDER AND EXTEND THE DISCOVERY CUTOFF DATE AND DISPOSITIVE MOTION DEADLINE, CM/ECF # 39

---

    COMES NOW the Plaintiff and in response to the Defendant's Unopposed Motion to Amend the Scheduling Order and Extend the Discovery Cutoff Date and Dispositive Motion Deadline, CM/ECF # 39, states as follows:

1. **Defendant's Certificate of Conferral pursuant to D.C.COLO.LCiv.R.7.1 is inaccurate and misleading**. Counsel for the Plaintiff and the Defendant conferred on the instant motion solely via email. The emails between counsel for Plaintiff and the Defendant regarding the instant motion are attached as **Exhibit 1**. Plaintiff's counsel's sole email to Defendant's counsel regarding this issue on 9/30/14 clearly states that Plaintiff's counsel did not want to limit the Discovery Cutoff date and Dispositive Motion extension solely to the taking of the Plaintiff's deposition as Plaintiff's counsel specifically stated in the attached email that he may take the deposition of the individual at the Defendant who sent the letter at

issue in the First Amended Complaint to the creditor and/or a deposition of the individual and/or corporate representative of the creditor who received the letter from the Defendant. Plaintiff's counsel's email to Defendant clearly stated that he did not oppose extending the Discovery cutoff Date to 45 days after the Court rules on the Defendant's Pending Motion to Dismiss and the Dispositive Motion Deadline to 75 days after the Court Rules on the Defendant's pending Motion to Dismiss provided the extension of the discovery cutoff dates is not limited solely to the Defendant taking the Plaintiff's deposition.

2. Notwithstanding the clear language in Plaintiff's counsel's email to Defendant's counsel the Instant Motion falsely states that the Defendant's Motion is unopposed when it seeks to limit the discovery extension **solely** to the Plaintiff's deposition in clear contradiction to Plaintiff's counsel's email and it only asks for a 30 day extension for the discovery cutoff date and no definite timeframe for the dispositive motion deadline as opposed to the 45 day extension of time from when the Court rules on the Defendant's pending Motion to Dismiss and to extend the Discovery Cutoff date and 75 day extension of time from when the Court rules on the Defendant's pending Motion to Dismiss and to extend the Dispositive Motion Deadline listed in Plaintiff's counsel's attached email.

3. The Court should not reward Defendant's counsel's actions in filing the instant Motion with an inaccurate and misleading certificate of conferral that misstates what the emails clearly state.

4.     The Defendant's Motion to Dismiss is based on the additional allegations in the First Amended Complaint and Jury Demand regarding a letter sent from the Defendant to the creditor regarding the account it was collecting for the creditor from the Plaintiff after the Plaintiff disputed the Account with the Defendant and the Defendant's actions in sending the letter to the creditor after the Plaintiff disputed the account without reporting the account as disputed to the creditor. The Defendant's Motion to Dismiss argues among other things that the letter was not sent in connection with the collection of the account and thus does not violate the FDCPA. As stated in the attached email the Plaintiff may take the deposition of the individual at the Defendant who sent the letter to the creditor regarding the Plaintiff's account and the individual and/or corporate representative of the creditor who received the letter from the Defendant regarding the Plaintiff's account to determine why the letter was sent and if the letter was sent in connection with the collection of the account among other deposition topics.

4.     For the reasons stated above the Plaintiff requests that the Court enter an Order extending the Discovery Cutoff Date for all discovery purposes – not limited to the Plaintiff's deposition as the Defendant seeks in the instant Motion - to 45 days after the Court rules on the Defendant's Pending Motion to Dismiss and to Extend the Dispositive Motion Deadline to 75 days after the Court rules on the Defendant's Pending Motion to Dismiss.

WHEREFORE for good cause shown and for the reasons stated above the Plaintiff requests that the Court enter an Order extending the Discovery Cutoff Date for all discovery purposes – not limited to the Plaintiff's deposition as the Defendant seeks in the instant Motion - to 45 days after the Court rules on the Defendant's Pending Motion to Dismiss and to Extend the Dispositive Motion Deadline to 75 days after the Court rules on the Defendant's Pending Motion to Dismiss.

Dated: October 6, 2014.

                    Respectfully submitted,

                    _s/ David M. Larson_____
                    David M. Larson, Esq.
                    88 Inverness Circle East, Suite E-102
                    Englewood, CO 80112
                    (303) 799-6895
                    Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 6, 2014, I electronically filed the foregoing Response to Defendant's Unopposed Motion to Amend the Scheduling Order and Extend the Discovery Cutoff Date and Dispositive Motion Deadline, CM/ECF # 39 and Exhibit 1 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jlico@alp-pc.com

                        ___s/ David M. Larson_____