IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00114-WJM-MEH

SCOTT BAKER,

      Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

      Defendant.

---

## ORDER GRANTING MOTION TO STAY

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's partially unopposed Motion to Amend the Scheduling Order and Extend Discovery Cutoff Date and Dispositive Motion Deadline [filed October 3, 2014; docket #39]. Defendant essentially requests that discovery be stayed pending a ruling on its recently filed motion to dismiss and the Plaintiff does not oppose a stay; accordingly, the Court construes the motion as a motion for temporary stay of proceedings and will **GRANT** the motion.

## I.    Background

Plaintiff originated this action on January 15, 2014 alleging essentially that Defendant violated the Fair Debt Collection Practices Act (FDCPA) by making false statements to the Plaintiff during a telephone call regarding the collection of a debt. *See* Complaint, ¶¶ 31, 32, docket #1 at 3-4. Defendant filed an Answer to the Complaint on February 26, 2014 (docket #9), and this Court issued a Scheduling Order on April 16, 2014 (docket #15). Discovery has proceeded since then.

Meanwhile, the Plaintiff sought, and this Court granted, Plaintiff's request for leave to file a First Amended Complaint containing allegations reportedly learned by the Plaintiff through

discovery.  Docket #28.  In response to the Amended Complaint, Defendant filed a motion to dismiss, which remains pending before the District Court.  Docket #35.  In light of that pending motion, Defendant filed the present motion seeking to extend the discovery cutoff and dispositive motions deadline for an indeterminate length of time (30 days after a ruling).  Docket #39.  Plaintiff filed responded agreeing with an extension of the deadlines, but seeking a longer period after the ruling on the motion to dismiss.  Docket #41.  The Court is now fully advised.

## II.   Discussion

The decision to stay discovery rests within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings; however, Rule 26(c) does permit the court, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  A stay of all discovery is generally disfavored in this district.  *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007).  However, as this Court has stated previously, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party."  *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007).

Typically, in evaluating a request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955

at *2 (D. Colo. Mar. 30, 2006); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

A balance of these factors favors a temporary stay in this case. The Plaintiff does not oppose Defendant's motion for a stay to avoid any unnecessary burdens and/or costs of discovery should the pending Motion to Dismiss be granted. While this Court typically discourages stays of discovery, the Court acknowledges the efficiency and fairness of delaying the proceedings at this stage of the litigation pending resolution of a motion to dismiss that could resolve matters in their entirety. *See Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. Apr. 27, 2010) ("[n]either [the Court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion is pending.") (citations omitted). "A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Chavous v. Dist. of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2001) (citation omitted).

Therefore, as the pending Motion to Dismiss concerns the matters that may be resolved in their entirety, the Court finds good cause exists to impose a temporary stay until the District Court rules on the pending Motion to Dismiss.

## III.    Conclusion

Accordingly, for the reasons stated above, the Court **GRANTS** the Defendant's partially unopposed Motion to Amend the Scheduling Order and Extend Discovery Cutoff Date and Dispositive Motion Deadline [filed October 3, 2014; docket #39]. This matter is hereby **STAYED** pending further order of the Court. The parties shall file a status report with the Court within *five*

**business days** of the District Court's ruling on Defendant's pending Motion to Dismiss indicating what, if any, additional discovery may be needed.

Dated at Denver, Colorado, this 6th day of October, 2014.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge