**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 14-cv-00114-WJM-MEH

SCOTT BAKER,

    Plaintiff,

v.

I.Q. DATA INERNATIONAL, INC., a Washington corporation,

    Defendant.

---

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

COMES NOW the Plaintiff by and through his undersigned counsel of record and for his response to the Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) states as follows:

The Plaintiff's new detailed factual allegations in the First Amended Complaint and Jury Demand, CM/ECF # 29, state a claim upon which relief can be granted and when taken as true, as required by controlling caselaw, state a claim that is plausible on its face. The new allegations in the First Amended Complaint and Jury Demand are very detailed factually and do not contain threadbare recitals supported by mere conclusory statements instead they are extremely detailed factually and have two documents attached as Exhibits in support of the allegations.

The Defendant's Motion repeatedly throws a red herring in front of the Court to attempt to distract the Court from the real issues in this Motion by

continually referring to the Defendant communicating the account as disputed to the credit bureaus. As the Court and the Defendant via its counsel are aware from reading the new allegations in the First Amended Complaint and Jury Demand, they do not contain any allegations regarding the Defendant communicating any information to the credit bureaus on the account at issue in this case instead they relate only to the Plaintiff's dispute of the account and the Defendant's communication(s) regarding the debt in this case with the creditor – Environs Apartments without reporting the disputed status of the debt. Notwithstanding this the Defendant brings up this red herring issue on pages 7, 8, 9 and 10 of its Motion finally admitting on page 10 in its Conclusion that the Plaintiff does not ever contend that any information was ever improperly reported to the credit bureaus.

Defendant's argument that the information in the letter to the creditor at issue in this Motion, CM/ECF # 30-1, identifies Cynthia Baker thus the Plaintiff does not have standing to assert the new allegations in the First Amended Complaint and Jury Demand is without merit and thus should be dismissed should be rejected by the Court as the Plaintiff has factually pleaded that the letter communicated information about the account to the creditor and the letter reflects the same as well.

At the deposition of the Defendant's Fed.R.Civ.P. 30(b)(6) Designee Michael O'Meara, Esq. on July 22, 2014 the Defendant's witness testified that the reason the letter refers to the same account and says Cynthia Baker instead of

Scott Baker is because Cynthia Baker is listed as name one on the account. P. 115, ll. 21 – p. 116, ll. 3. Relevant portions of Deposition Transcript are attached as **Exhibit 1**. The letter contains sufficient information to communicate information about the account to the creditor to constitute a "communication" as defined by the FDCPA 1692a(2) as it contains the remaining balance and the account number for the account in both the Plaintiff's name and Plaintiff's wife's name, **Exhibit 1**, p. 114, ll. 7 – p. 115, ll. 20. Thus the letter conveys information regarding the debt directly or indirectly to any person via any medium meeting the definition of a "communication" under the FDCPA.

      Defendant's argument that the Defendant has no duty to report Plaintiff's dispute to Environs Apartments is without merit and thus should be rejected by the Court. The Defendant's argument is contrary to the plain language of the FDPCA 1692e(8) which states: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." The FDCPA clearly states – "to any person" yet the Defendant now argues to the Court that it is limited to only credit bureaus without any basis or authority for this argument. Congress could have limited the section to credit bureaus but instead it chose to cover communications "to any person" which would clearly include the creditor in this case – Environs Apartments via its employee stated on the letter Jessica Arntson as alleged by the Plaintiff. None of the cases cited by the Defendant in its Motion support Defendant's arguments.

In Re Benson, 445 B.R. 445, 449-450 (E.D. PA. 2010) does not apply to this case as in that case there was no subsequent reporting of the debt to the credit bureaus after notification of the dispute unlike the instant case where the Defendant via the letter reported information to the creditor without reporting the account as disputed after it was notified of the dispute of the debt by the Plaintiff in this case both in writing and over the telephone. **Exhibit 1**, p. 61, ll. 12 – p. 63, ll. 12, p. 113, ll. 2 – p. 121, ll. 7.

In Wilhelm v. Credico, Inc., 519 F.3d 416, 417-418 (8th Cir. 2008) unlike in the current case there was no credit reporting after they learned of the dispute. In fact the Wilhelm case supports the Plaintiff's position not the Defendant's position:

Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which Wilhelm relies – "including the failure to communicate that a disputed debt is disputed" – is rooted in the basic fraud principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt.

Wilhelm, 519 F.3d at 418.

The information contained in the letter clearly communicated "credit information" about the Plaintiff as it was reporting an actual payment of money which as reflected by the letter changed the credit balance owing which can than be used to re-start the statute of limitations on the account to pursue the account via the legal system and filing suit to collect it. The current balance on the account is indeed credit information as credit bureau reporting includes the

original balance, the current balance, when the last payment was made and the status of the account – disputed or not. Thus the letter contains credit information.

In Black v. Asset Acceptance, LLC, 2005 U.S. Dist. LEXIS 43264, p. 14 and 15 (N.D. GA, December 9, 2005) the Court found that unlike in the instant case there were no communications from the debt collector to the debt buyer after the Plaintiff disputed the account. The Black case also supports the Plaintiff's position not the Defendant's position:

> The plain language of the "failure to communicate" clause of *Section 1692e(8)* does not distinguish between third parties with whom the defendant has failed to communicate. Id. The Commentary thus should not be read to make such distinctions either.

Black, 2005 U.S. Dist. LEXIS at page 4.

The Defendant cites to Kinel v. Sherman Acquisition II, LP, 2006 WL 5157678 (S.D.N.Y February 28, 2006) in its Motion which was a recommendation on a Motion to Dismiss by a U.S. Magistrate Judge, the District Court subsequently entered an Order that accepted the Recommendation and denied the Defendant's Motion to Dismiss in Kinel v. Sherman Acquisition II, LP, 2007 U.S. Dist. LEXIS 51082 (S.D.N.Y. July 13, 2007) that also supports the Plaintiff's position not the Defendant's position as the Court denied the Defendant's Motion to Dismiss because the Plaintiff alleged that a collection law firm failed to communicate the disputed status of the account to another person – the collection law firms clients, not credit bureaus - after the Plaintiff informed the

5

collection law firm of the disputed nature of the debt. The District Court in the Kinel case held:

Section 1692e(8) is not limited to communications with credit reporting agencies, as W&A argues. The statute applies to communications with "any person" 15 U.S.C. § 1692e(8); accord id. § 1692a(2) (defining "communication" as "conveying of information regarding a debt directly or indirectly to any person through any medium" (emphasis added). Nothing in the Federal Trade Commission's commentary on the statute contradicts the clarity of the statutory text… If a jury accepted Plaintiff's allegations as true, it could reasonably find that W&A's communication to the Sherman Defendants were false or deceptive by virtue of their failure to state that Plaintiff's debt was disputed.
Kinel, 2007 Dist. LEXIS at pages 5 and 6.

In Hilburn v. Encore Receivable Mgmt., Inc., 2007 U.S. Dist. LEXIS 29833 (D.Or. April 19, 2007) the Court denied the Defendant's Motion to Dismiss to allow discovery to determine what information was communicated to the debt buyer from its collectors. Thus the Hilburn case also supports the Plaintiff's position not the Defendant's position. In the instant case the letter to the creditor from the Defendant that has been put in the Court record clearly reflects that the Defendant communicated information regarding the debt directly or indirectly to the creditor in this case – Environs Apartments – without communicating that the account is disputed.

The Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) case does not support the Defendant's position and it addresses a factual situation different from the instant case as it deals with a debt collector communicating to a credit bureau not a creditor, while holding in support of Plaintiff's position in this case that a debt collector does not have an affirmative duty to notify the credit bureaus that an account is disputed unless it knows of the

6

dispute and elects to report to a credit bureau. Which means that a debt collector also has an obligation to communicate the disputed status of an account if it communicates regarding the account with a third party like the creditor as in the instant case.

In the instant case there is no question that the Defendant was aware of the dispute of the account and after that time communicated information about the account to the creditor without reporting it as disputed thus the <u>Llewellyn</u> case supports the Plaintiff's position not the Defendant's position. The <u>O'Fay v. Sessoms & Roger, P.A.</u>, 2010 U.S. Dist. LEXIS 104307 (E.D.N.C. February 9, 2010) case cited by the Defendant has the same holding as the <u>Llewellyn</u> case and thus supports the Plaintiff's argument not the Defendant's argument.

This issue has also been addressed in the U.S. District Court for the District of Colorado in a case in which the Plaintiff in that case was represented by Plaintiff's counsel in this case and in which the Defendant in that case was represented by Defendant's counsel in this case. The Court rejected Defendant's argument in this case that FDCPA 1692e(8) only applies to communications with credit bureaus.

Defendant's argument disregards, however, the wording of the statute, which makes it false or deceptive to communicate to "any person" that a disputed debt is undisputed. 15 U.S.C. § 1692e(8). The plain language of the section indicates that is applies when a collector discloses information regarding a disputed debt to any third party, not just a credit reporting agency.

<u>Hudspeth v. Capital Management Services, L.P.</u>, 2013 WL 674019 at page 8 (D.Colo. February 25, 2013).

The Defendant's argument that the Defendant's letter was not tendered in connection with an attempt to collect the account from the Plaintiff is without merit and should also be rejected by the Court as it is contrary to the testimony of the Defendant's Fed.R.Civ.P. 30(b)(6) Designee attached as **Exhibit 1**, p. 116, ll. 3 – p. 129, ll. 7. The Defendant cites Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011) and Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. 2010) in support of its argument but those cases are not applicable to the instant case as they deal with communications sent from the debt collector to the consumer, not communications from the debt collector to a third party like in the instant case to the creditor. Whether a communication was sent in connection with an attempt to collect a debt is a questions of objective fact to be proven like any other fact. See, Ruth v. Triumph Partnerships, 577 F.3d 790, 798 (7th Cir. 2009)

For the Court to adopt the Defendant's argument and apply non applicable, out of circuit cases that lack controlling authority to this case would eviscerate the protections of the FDCPA clearly stated in FDCPA 1692e(8) because it would eliminate the plain language of the statute prohibiting the conduct unless the Defendant was trying to induce payment from the debtor versus the plain language of 1692e preface which uses much broader language – "in connection with the collection of any debt".

Clearly forwarding the payment on to the creditor in this case with the letter was in connection with the collection of the debt at issue in this case and no

logical argument can be made otherwise as there is nothing more fundamental to the collection of a debt than collecting and forwarding payments on the debt to the creditor thus the purpose and context of the communication is in connection with the collection of the account.

Adopting Defendant's argument would mean that a debt collector would be able to communicate with the creditor on an account without communicating the disputed status of the account and to sell or transfer a debt to another debt collector or debt buyer without notifying the debt collector or debt buyer of the disputed status of the debt because the animating purpose of the communication would not be to induce payment by the debtor in those circumstances under the Defendant's argument as they would not be communicating with the debtor at all and the communications would not demand payment from the consumer either as they would not be communicating with the Plaintiff at all. This is an absurd result and contrary to the plain language of the FDCPA and thus should be rejected by the Court as otherwise the Court is ignoring the plain language of the FDCPA and creating a broad range of communications that are not protected by the FDCPA.

What is the problem with simply communicating that the account is disputed when it communicates with the creditor in this case? What reason could there possibly be to not communicate to the creditor or a debt buyer that the account is disputed? Why hide the disputed nature of the account from the creditor or a debt buyer or otherwise? More importantly why should the Court

condone the hiding or concealment of the status of disputed accounts when the value of a disputed account is obviously worth much less when bought and sold than an account that is not disputed?

**WHEREFORE** for Good Cause shown and for the reasons stated above and consistent with the caselaw and authority cited above the Plaintiff respectfully requests that the Court deny the Defendant's Motion to Dismiss and for any other and further relief determined by the Court.

Dated: April 9, 2015.

        Respectfully submitted,

        _s/ David M. Larson_____
        David M. Larson, Esq.
        88 Inverness Circle East, Suite E-102
        Englewood, CO 80112
        (303) 799-6895
        Attorney for the Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2015, I electronically filed the foregoing Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) and Exhibit 1 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

jlico@alp-pc.com

        ___s/ David M. Larson_____