**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-0114-WJM-MEH

SCOTT BAKER,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC., a Washington corporation,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

---

This matter is before the Court on Defendant I.Q. Data International, Inc.'s ("Defendant") Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). (ECF No. 35.) Plaintiff initiated this action on January 15, 2014 arising out of Defendant's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). (ECF No. 1.) On September 2, 2014, Plaintiff amended his Complaint to assert an additional FDCPA claim under 15 U.S.C. § 1692e(8) based on Defendant's failure to communicate to the debt holder, Environs Apartments ("Environs"), that Plaintiff had disputed his allegedly delinquent account. (ECF No. 29.) Defendant's Motion seeks dismissal of any claims related to its failure to communicate to Environs that the debt was disputed.[1] (ECF No. 35.) For the reasons set forth below, the Motion is denied.

---

[1] Although Defendant also moves to dismiss Plaintiff's claims under 15 U.S.C. § 1692e(2)(A) and e(10), Defendant makes no explicit argument regarding these statutory sections. The Court therefore considers Defendant's arguments as to Plaintiff's 15 U.S.C. § 1692e(8) allegations, which are discussed below.

## I.  BACKGROUND

Sometime before 2013, Plaintiff allegedly became indebted to Environs, and the account subsequently went into default.  (ECF No. 29 at 2-3.)  The account was then transferred to Defendant for collection.  (*Id*. at 3.)  During a January 16, 2013 telephone conversation between Plaintiff and Defendant, Plaintiff alleges he informed Defendant that he disputed the account.  (*Id*. at 4.)  However, Plaintiff alleges that after the January 16, 2013 conversation, on February 28, 2013, Defendant sent a letter to Environs regarding the account that did not state the account was disputed ("the Letter") in violation of 15 U.S.C. § 1692e(8).  (*Id*. at 7.; ECF No. 30-1.)  Defendant asserts that it was not required to inform Environs that the account was disputed.  (ECF No. 35.)

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim in a complaint for "failure to state a claim upon which relief can be granted."  In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff."  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice."  *Dias v.*

*City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III.  ANALYSIS

The FDCPA "is a remedial statute . . . [that] should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002). Congress's express purpose in enacting the FDCPA was to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Section 1692e of the FDCPA provides several examples of such abusive practices, including the following violation allegedly committed by Defendant:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> > (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

15 U.S.C. § 1692e(8).[2]  "[Section] 1692e(8) . . . is rooted in the basic fraud law principle

---

[2] In its Motion, Defendant does not dispute Plaintiff's allegation that Defendant is a "debt collector" as defined in 15 U.S.C. § 1692a(6), or that it knew Plaintiff had disputed the account prior to sending the Letter to Environs. (ECF No. 35.) The Court therefore need not address these threshold issues.

that, if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (emphasis in original). There is no affirmative duty to notify a credit reporting agency or other entity that the debt is disputed unless the debt collector knows it is disputed and chooses to report the debt to another party. *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1189 (10th Cir. 2013). Furthermore, § 1692e(8) does not apply to a debt collector who reports the debt and only thereafter learns of the dispute. *Id*.

Plaintiff alleges that because Defendant elected to communicate with Environs regarding the debt, and knew that the debt was disputed at the time of the communication, it had a duty to notify Environs of the dispute. (ECF No. 29.) Defendant disagrees and raises the following arguments in its Motion: (1) the information contained in the Letter does not identify Plaintiff; (2) Defendant had no duty to report Plaintiff's dispute of the account to Environs; (3) Defendant did not report any credit information to Environs; and (4) the remittance was not tendered in connection with an attempt to collect the debt. The Court addresses each argument in turn.

**A.      The Letter's Identifying Information**

Defendant asserts, without support, that because the Letter lists Cynthia Baker as the named account holder, and not Plaintiff, Plaintiff has no standing to assert a claim under § 1692e(8). (ECF No. 35 at 5-6.) However, Plaintiff alleges in his Complaint that the numerical sequence, "RAI-345672*000081426," listed on the Letter,

is Environ's reference number for the disputed account. (ECF No. 29 at 6.) Plaintiff further alleges that the reference number identifies Plaintiff because Plaintiff is listed as the secondary account holder in Environ's and Defendant's records. (*Id*. at 6-7; ECF No. 46 at 2-3.) Therefore, accepting Plaintiff's well-pled allegations as true, the Court finds that the Letter and account number provide sufficient identifying information about Plaintiff in connection with the debt to support a claim under § 1692e(8).

**B.    Defendant's Obligation to Report the Account as Disputed**

Defendant argues that it had no duty to report the dispute to Environs because the account was marked as disputed and reported as such to various credit bureaus from 2012 onward. (ECF No. 35 at 6.) Defendant appears to argue that it is only required to report the dispute to credit reporting agencies, not to other third parties. (*Id*.)

In support, Defendant cites the following portion of a recent Tenth Circuit case: "We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt *unless* the debt collector knows of the dispute and elects to report to a [credit reporting agency]." *Llewellyn*, 711 F.3d at 1189 (emphasis in original). Defendant takes this quote out of context. *Llewellyn* did not purport to interpret § 1692e(8) as applying only to credit reporting agencies, and such a reading would contradict the plain language of the statute. Indeed, § 1692e(8) prohibits communicating "*to any person* credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is

disputed." Section 1692e(8) thus does not distinguish between credit reporting agencies and other entities.  *Hudspeth v. Capital Mgmt. Servs., L.P.*, 2013 WL 674019, at *8 (D. Colo. Feb. 25, 2013) (unpublished)  ("The plain language of the section indicates that it applies when a collector discloses information regarding a disputed debt to any third party, not just to a credit reporting agency"); *see also Kinel v. Sherman Acquisition II LP*, 2006 WL 5157678, at *17 (S.D.N.Y. Feb. 28, 2006), *report and recommendation adopted*, 2007 WL 2049566 (S.D.N.Y. July 13, 2007) (holding that debt collector could be liable under § 1692e(8) due to its failure to communicate to its client, the debt holder, that the debt was disputed, and rejecting argument that the statute only applies to communications with credit reporting agencies).  The Court therefore rejects Defendant's argument that it was under no duty to report the debt as disputed to Environs.

## C.     Defining "Credit Information"

Defendant next argues, again without support, that the Letter does not contain any "credit information" that would trigger liability under § 1692e(8).  (ECF No. 35 at 8.) Liability attaches under § 1692e(8) when the debt collector "communicate[s] to any person credit information."  Plaintiff's Complaint alleges that the Letter contains information regarding a payment made on the account, the balance owed, and "gross collections this cycle."  (ECF No. 29 at 6-7.)  As noted above, Plaintiff also alleges that the Letter contains Environs' reference number for the account, which links Plaintiff to the account and delinquent balance.  However, neither party cites a case or portion of the FDCPA that defines "credit information."

6

The Court finds the definition of "communication" to be instructive. "Communication" under the FDCPA is broadly defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). It would make little sense for Congress to have intended "communication" to expansively include any "information regarding a debt," while limiting the scope of "credit information" without defining the term. Information regarding the status of a debt in default in the hands of a debt collection agency is certainly information relevant to Plaintiff's credit. Moreover, Defendant does not explain why the status of the debt itself is not credit information, particularly since § 1692e(8) by its clear terms is violated when a debt collector fails to communicate the dispute. *See McGill v. Diversified Consultants, Inc.*, 2014 WL 414296, at *3 (D. Kan. Feb. 4, 2014) (unpublished). The Court therefore concludes that the Letter contains credit information as contemplated in § 1692e(8).

**D.     The Letter's Relationship to the Collection of the Debt**

Defendant lastly argues that the Letter was not sent in connection with the collection of the debt, because it was merely a remittance sent to Environs to allow Environs to update its records as to the amount outstanding. (ECF No. 35 at 8-9.) In order for liability to attach under § 1692e(8), the communication must have been made "in connection with the collection of any debt." 15 U.S.C.A. § 1692e. Defendant relies on case law from other circuits holding that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." (ECF No. 35 at 8-9.) However, the Tenth Circuit has not adopted this reading or squarely addressed this issue in the context of claims under § 1692e(8).

The Court is not persuaded by the out-of-circuit cases cited by Defendant. Section 1692e(8) would lose its teeth if it were subject to the "animating purpose" test. When a debt is not reported as disputed to a third party, the harm to the consumer is the same regardless of the debt collector's motive for making the communication. *Saunders v. Branch Banking and Trust Co. of Virginia*, 526 F.3d 142, 145 (4th Cir. 2008) is an apt example.[3] In *Saunders*, the plaintiff's auto loan was assigned to the defendant bank. *Id*. The plaintiff contacted the defendant several times for the loan payment information, but each time he was told that he owed no money on the loan. *Id*. However, several months later, the defendant unexpectedly sent the plaintiff a delinquency letter that accelerated the loan and demanded full payment in ten days plus a penalty assessment. *Id*. The plaintiff refused to pay the loan and, without noting that the plaintiff disputed the amount, the defendant reported the loan as "in repossession status" to the credit reporting agencies. *Id*. at 146. This caused the plaintiff's credit score to drop from 754 to 599, and prevented him from obtaining a new loan at a favorable interest rate. *Id*.

The plaintiff then contacted the credit reporting agencies and disputed the loan information. *Id*. In response to a dispute verification form sent by one of the credit reporting agencies, the defendant, again without reporting the dispute, reported a "profit and loss writeoff"—a description of the loan debt as uncollectible—"resulting in the worst possible score for [the plaintiff] on the loan." *Id*. If the defendant had properly

---

[3] Although *Saunders* deals with claims under the Fair Credit Reporting Act, and not the FDCPA, the case's facts illustrate the overall impact of negative credit reporting and the failure to report a debt as disputed.

reported the dispute, the credit reporting agency "would have reported both the debt and the dispute and would not have considered the debt in determining [the plaintiff's] total credit score. Thus, [the defendant's] decision to report the debt but not the dispute resulted in a much lower credit score for [the plaintiff] than a report of both the debt and the dispute." *Id.* at 146-47.

Section 1692e(8) shields consumers from the devastating effects of adverse, and incorrect, credit reporting such as that described in *Saunders*. This objective could not be achieved if the statute's application were limited to communications made to induce payment by the debtor. Here, there is no allegation that Environs' receipt of the Letter caused it to falsely report Plaintiff's debt as undisputed to credit reporting agencies. But *Saunders* illustrates that such a scenario is entirely possible even though the Letter's "animating purpose" was not to induce Plaintiff's payment. Defendant's failure to report the dispute to Environs could have, in turn, caused Environs to similarly report the debt to credit reporting agencies. The Court therefore declines to apply the "animating purpose" test to claims under § 1692e(8), and finds that doing so would be contrary to the statute's purpose.

The Court reads the relevant provisions of the FDCPA liberally in favor of Plaintiff. *Johnson*, 305 F.3d at 1117. The Letter referenced the debt at issue, identified Plaintiff, and described Defendant's debt collection efforts. Defendant has not indicated that the letter served a purpose other than to provide Environs with such information. The Court therefore finds that the Letter was sent "in connection with the collection of any debt" as used in 15 U.S.C. § 1692e, and rejects Defendant's argument on this point.

## IV.  CONCLUSION

For the reasons above, the Court ORDERS as follows:

1. Defendant's Motion to Dismiss (ECF No. 35) is DENIED; and

2. The stay previously imposed by United States Magistrate Judge Michael E. Hegarty (ECF No. 42) is LIFTED.

Dated this 29th day of April, 2015.

BY THE COURT:

William J. Martinez
United States District Judge